UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNGER BROS., LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>NUTRIEN AG SOLUTIONS, INC., et al.,<br><br>    Defendant. | No. 1:24-cv-01135-KES-HBK<br><br>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS<br><br>(Docs. 6, 11) |

Plaintiff Munger Bros., LLC ("Munger") moves to remand this action to the Tulare County Superior Court, arguing this action was improperly removed. Motion to Remand, Doc. 11. Defendants Nutrien AG Solutions, Inc. ("Nutrien") and Garrett Neece ("Neece") oppose the Motion to Remand and Neece moves to be dismissed from this action, arguing he was improperly joined. Opposition to Motion to Remand, Doc. 13; Motion to Dismiss, Doc. 6. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). For the reasons set forth below, Munger's motion to remand is granted and Neece's motion to dismiss is denied as moot.

**I. BACKGROUND**

Munger alleges that, at the written recommendation of Neece, a Nutrien employee and Pest Control Advisor, Oxystar 4L was sprayed on acres of pistachio trees owned by Munger. Notice of Removal, Ex. B ("Complaint"), Doc. 1 at 13. The Oxystar 4L, manufactured by

1

1 defendant Albaugh, LLC ("Albaugh"), allegedly caused significant and irreversible damage that
2 has affected the long-term health and production of the pistachio trees. *Id.* Munger alleges that
3 either the recommendation to use Oxystar 4L was incorrectly made by Neece and Nutrien or the
4 Oxystar 4L was defective. *Id.*

5 On July 25, 2024, Munger filed this action in Tulare County Superior Court against
6 Nutrien, Neece, and Albaugh, alleging: (1) negligence, (2) negligence per se, (3) design defect
7 strict product liability, (4) failure to warn strict liability, and (5) trespass. *Id*. at 15-20. Nutrien
8 timely removed this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, alleging diversity
9 jurisdiction exists because the amount in controversy exceeds $75,000 and Neece was improperly
10 joined as a defendant. Notice of Removal, Doc. 1.

11 On October 1, 2024, Neece filed a motion to dismiss, arguing that Munger failed to state a
12 claim against him under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss, Doc. 6.
13 Munger filed its response to the motion to dismiss and Neece filed his reply. Docs. 8, 13. On
14 October 15, 2024, Munger filed a motion to remand, arguing that Neece was properly named in
15 the lawsuit, Neece's California citizenship destroys diversity jurisdiction, and therefore, the case
16 should be remanded to state court. Motion to Remand, Doc. 11.

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand is the proper procedure for challenging removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If there is doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "In determining whether there is complete diversity, district courts

may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* The Ninth Circuit has recognized two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks and citation omitted).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Rather, the standard for fraudulent joinder is akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis in original)).

### III. DISCUSSION

The sole issue in dispute in both the Motion to Remand and Motion to Dismiss is whether Neece is a proper defendant in this action. Nutrien is a citizen of Colorado and Delaware; and Albaugh is a citizen of Iowa and Delaware. It is undisputed that Munger and Neece are citizens of California and thus, if Neece is a properly joined defendant, there is no diversity jurisdiction. *See* Notice of Removal, Doc. 1 at 2-3; *see* Motion to Remand, Doc. 11 at 2.

Munger alleges that Neece is responsible for the damage to the pistachio trees under multiple theories, including negligence. Munger argues that Neece was responsible for making the specific herbicide recommendation and that the Complaint's allegations sufficiently state a plausible claim against Neece. Motion to Remand, Doc. 11-1 at 6-7. In opposition, Nutrien and Neece argue that the complaint fails to allege that Neece committed any acts outside his employment, that Neece and Nutrien are the same for liability purposes under the doctrine of

respondeat superior and California Labor Code § 2802,[1] and that therefore there is no separate cause of action against Neece. Opposition to Motion to Remand, Doc. 14 at 2-3.

However, the duty to defend and indemnify is not a bar on litigation against an individual defendant. "Section 2802 requires an employer to indemnify an employee for liability incurred by the employee in the scope of the employee's employment; it does not render the employee immune from liability altogether." *Thomas v. WalMart Stores, Inc.*, No. 18-cv-03422-RSW-LSK, 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018); *see also Webber v. Home Depot, U.S.A., Inc., et al.*, No. 2:24-CV-01886-WBS-CSK, 2024 WL 4765315, at *2 (E.D. Cal. Nov. 13, 2024) (holding employer's duty to defend and indemnify was not a bar on litigation against employee defendant and finding employee defendant had not been fraudulently joined); *Alexander v. Home Depot U.S.A., Inc.*, No. 2:24-cv-01754-DAD-CSK, 2024 WL 4212749, at *3 (E.D. Cal. Sept. 17, 2024) (holding employer's duty to defend and indemnify was not a bar on litigation against employee defendant); *Kyle v. Envoy Mortg., LLC*, No. 18-CV-2396-BAS-WVG, 2018 WL 6600105, at *3 (S.D. Cal. Dec. 17, 2018) (collecting cases where federal courts "routinely rejected" argument that agents cannot be held liable for actions made within scope of their employment).

The cases cited by Nutrien and Neece in support of the proposition that Neece was fraudulently joined are inapposite, as they concern situations involving Doe defendants, or in which the defendant employee was only minimally involved in the allegations, neither of which is the case here. *See, e.g.*, *Rojas by and through Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F. Supp. 3d 1008, 1024-28 (S.D. Cal. 2021) (finding that although duty to indemnify and defend had no bearing on whether a Doe defendant could be sued for negligence, California Labor Code § 2802's indemnification provision was indicative that Doe employee served only to destroy diversity, but noting possibility that named defendant could be joined at a later time);

---

[1] California Labor Code § 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

4

*Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015) (holding that defendant added following removal was not necessary or highly involved in allegations against employer and thus not necessary to afford plaintiff ability to obtain complete relief).

As the respondeat superior bar against employee liability is the only argument raised in support of fraudulent joinder and that argument is unpersuasive, Nutrien and Neece have failed to establish that Neece could not be found liable under a theory of liability. Nutrien and Neece have failed to overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *See Hunter*, 582 F.3d at 1046 (internal quotation marks omitted). As Nutrien and Neece have failed to meet their burden, the Court cannot find that Neece was fraudulently joined. Therefore, the Court lacks diversity jurisdiction.

## IV.  CONCLUSION

Based upon the foregoing, it is ORDERED that:

1. Munger's Motion to Remand (Doc. 11) is granted.
2. Neece's Motion to Dismiss (Doc. 6) is denied as moot.
3. This action is remanded to the Tulare County Superior Court for lack of subject matter jurisdiction.
4. The Clerk of Court shall mail a copy of this order to the clerk of the Tulare County Superior Court.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 6, 2024

UNITED STATES DISTRICT JUDGE